IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| DANIEL K. O'CONNELL and VALERY A. O'CONNELL,<br><br>Plaintiffs,<br><br>vs.<br><br>STATE OF MONTANA (MONTANA SUPREME COURT) and WITTICH LAW FIRM,<br><br>Defendants. | CV 14-00021-BLG-SPW-CSO<br><br>**ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

On February 27, 2014, Plaintiffs Daniel and Valery O'Connell filed this action against the Montana Supreme Court and the Wittich Law Firm ("Law Firm"), seeking to overturn a decision by the Montana Supreme Court. *ECF 1, 2.*

Their motion to proceed in forma pauperis will be granted but their Complaint should be dismissed for lack of subject matter jurisdiction.

## I. MOTION TO PROCEED IN FORMA PAUPERIS

The O'Connells submitted a declaration sufficient to make the showing required by 28 U.S.C. §1915(a). Because it appears the

1

O'Connells lack sufficient funds to prosecute this action, the Motion to Proceed in Forma Pauperis (*ECF 1*) will be granted.

## II. ANALYSIS

### A. State Court Actions

In 2010, the Law Firm sued the O'Connells in state district court, alleging that they failed to fully pay for the legal services performed. The suit alleged that the O'Connells owed $2,232.56.

After the lawsuit was filed, the O'Connells paid $2,138.57 but still owed $93.99. The state court entered a default judgment against the O'Connells in the amount of $902.79 – the $93.99 legal fees claimed, together with added interest and costs to recover those fees.

The O'Connells moved to vacate the default judgment pursuant to M.R.Civ.P. 60(b). The state district court denied the motion and ordered the O'Connells to pay the Law Firm $2860 for attorney fees and costs. The O'Connells appealed to the Montana Supreme Court, which affirmed on May 7, 2013. *Wittich Law Firm, P.C. v. O'Connell,* 2013 MT 122, 370 Mont. 103, 304 P.3d 375.

The O'Connells then filed a motion in the state district court

pursuant to M.R.Civ.P. 60(d)(3) again seeking to vacate the default judgment on the grounds that the Law Firm had committed "fraud on the court." The district court denied the motion and, on January 28, 2014, the Montana Supreme Court affirmed on appeal. *Wittich Law Firm, P.C. v. O'Connell,* 2014 MT 23N, DA 13-0580 (Mont. S.Ct.). In that decision, the Montana Supreme Court indicated that the O'Connells have been held accountable for attorneys fees in the amount of at least $5,019.79 related to the Law Firm's efforts to recover the $93.99 originally owed. *Id.* at ¶10.

B. **The O'Connells' Allegations**

The O'Connells allege that the Defendants subjected Daniel O'Connell to liability for a written contract to which he was not a party and which he never signed. They contend Defendants exceeded their jurisdiction and did not act reasonably in holding Mr. O'Connell liable as a non-party and then refused to remedy such liability. They allege that the Law Firm committed fraud on the state court and fraud between the parties to the state court action.

For their relief, they ask that the liability against Daniel

O'Connell be reversed and the attorney fee reward be reversed. *ECF 2–Complaint at 7.*

### III. <u>SCREENING PER 28 U.S.C. § 1915(e)(2)</u>

A complaint filed by any person proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the Court to the extent the claims are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

In addition, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed.R.Civ.P. 12(h)(3); *see also Fiedler v. Clark*, 714 F.2d 77, 78–79 (9th Cir. 1983)(a federal court may dismiss *sua sponte* a complaint for lack of subject matter jurisdiction).

Federal district courts do not have appellate jurisdiction over state

4

court judgments. *See* 28 U.S.C. § 1257; *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005). The *Rooker–Feldman*[1] doctrine forbids a losing party in state court from filing suit in federal district court complaining of an injury caused by a state court judgment, and seeking federal court review and rejection of that judgment. *See Skinner v. Switzer*, –– U.S. ––, 131 S.Ct. 1289, 1297, 179 L.Ed.2d 233 (2011). This jurisdictional bar extends to actions that are de facto appeals from state court judgments in that the federal claims "are inextricably intertwined with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules." *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008); *see also Cooper v. Ramos,* 704 F.3d 772, 777-79 (9th Cir. 2012).

The *Rooker–Feldman* doctrine precludes federal subject-matter jurisdiction over claims involving state court judgments when four

---

[1] The *Rooker–Feldman* doctrine derives its name from two United States Supreme Court cases: (1) *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and (2) *Rooker v. Fidelity Trust Company*, 263 U.S. 413 (1923).

5

factors are met: (1) the plaintiff lost in the state court; (2) the state court judgment was rendered before the filing of the federal claim; (3) the plaintiff complains of injuries caused by the state court judgment; and (4) the plaintiff's complaint invites the district court to review and reject the judgment of the state court. *Exxon Mobil Corp.*, 544 U.S. at 284.

Here all factors are met. The first and second factors are met because the O'Connells lost in state court prior to filing this case. The third factor is met because the O'Connells' alleged injuries were caused by the state court judgments. The O'Connells complain that the Montana Supreme Court exceeded its jurisdiction in holding Mr. O'Connell liable on a contract he did not sign. The alleged injury is that the state court acted without jurisdiction. The fourth factor is met because the relief sought is reversal of the state court judgments.

All factors having been met, the O'Connells' claims are barred by the *Rooker-Feldman* doctrine. The Court does not have jurisdiction over this case and it should be dismissed.

Based on the foregoing, the Court issues the following:

**ORDER**

1. The Motion to Proceed in Forma Pauperis (*ECF 1*) is granted.

2. The Clerk shall edit the text of the docket entry for the Complaint (*ECF 2*) to remove the word "LODGED." The Complaint is deemed filed on February 27, 2014.

Further, the Court issues the following:

**RECOMMENDATION**

This matter should be dismissed for lack of subject matter jurisdiction.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

The O'Connells may file objections to these Findings and Recommendation within fourteen (14) days after service (mailing) hereof. 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 10th day of March, 2014.

      /s/ Carolyn S. Ostby
     United States Magistrate Judge