

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| DANIEL K. O'CONNELL and<br>VALERY A. O'CONNELL,<br><br>Plaintiffs,<br><br>vs.<br><br>STATE OF MONTANA (MONTANA SUPREME COURT) and WITTICH LAW FIRM,<br><br>Defendants. | CV 14-00021-BLG-SPW<br><br>ORDER |

This action was filed in the United States District Court for the District of Montana, Billings Division, on February 27, 2014. Plaintiffs seek to overturn a decision by the Montana Supreme Court. (Doc. 1, 2). United States Magistrate Judge Carolyn Ostby filed Findings and a Recommendation regarding Plaintiffs' Complaint and motion to proceed in forma pauperis. (Doc. 5). While she granted Plaintiffs' motion to proceed *in forma pauperis*, she recommended their Complaint be dismissed, finding this Court lacks subject matter jurisdiction over their claims. Pursuant to 28 U.S.C. § 636(b)(1), objections to the Findings and Recommendation entered by Judge Ostby were due March 27, 2014. Plaintiffs submitted an Amended Complaint on March 24, 2014. (Doc. 7). Therein, Plaintiffs said they filed the Amended Complaint "as a result" of Judge Ostby's Findings and

1

Recommendation to Dismiss, in an attempt to "resolve[] th[e] jurisdiction issue by clarifying and amending the injury and relief sought which are no longer comparable to the *Rooker-Feldman* doctrine." *Id.* at 1. Accordingly, this Court treats Plaintiffs' Amended Complaint as their objections to Judge Ostby's Findings and Recommendation and discusses the same herein.

When a party objects to any portion of the Findings and Recommendation issued by a Magistrate Judge, the district court must make a de novo determination regarding that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach. Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). After de novo review of Judge Ostby's Findings and Recommendation and Plaintiffs' objections to the same, I agree with Judge Ostby's conclusion that this Court lacks subject matter jurisdiction over Plaintiffs' claims, even with their attempt to amend such claims in their Amended Complaint. Plaintiffs' claims must be dismissed for lack of subject matter jurisdiction.

## I. Discussion

In their Complaint, Plaintiffs ask this Court to reverse the Montana Supreme Court's decision in *Wittich Law Firm, P.C. v. O'Connell*, 2014 MT 23N, DA 13-0580. (Doc. 1 at 7) ("Such liability against Daniel O'Connell should be reversed and attorney fees reversed . . . as a result of lack of jurisdiction"). As Judge Ostby correctly pointed out, the *Rooker-Feldman* doctrine prohibits federal courts from

exercising appellate review over final state court judgments, particularly when the losing party in state court is simply complaining of an injury caused by a state court judgment and seeks federal court review and rejection of that judgment. (Doc. 5 at 4-6). By asking this Court to reverse the Montana Supreme Court's ruling, Plaintiffs' requested relief falls squarely within the prohibited review category.

Plaintiffs' attempt to avoid dismissal through their Amended Complaint fails. Despite recasting them as a due process claim, for all practical purposes, Plaintiffs' claims and requested relief remains the same. For example, Plaintiffs allege that the Montana Supreme Court did not "act reasonably" by upholding the district court's contract liability award, because Daniel O'Connell never entered the written contract in question. (Doc. 7 at 2). Plaintiffs further contend that by upholding the district court, the Montana Supreme Court deprived them of their due process rights and request this Court grant them declaratory relief as a result. *Id.* at 3.

Although phrased somewhat differently from their original Complaint, Plaintiffs have simply re-alleged that the Montana Supreme Court got the facts of their case wrong and as a result, this Court should review and reject the Montana Supreme Court's decision. *Id.* at 3-4. Review by this Court on this basis is prohibited. *See Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir.

3

2008) ("The clearest case for dismissal based on the *Rooker-Feldman* doctrine occurs when a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision") (quoting *Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir.2007)). This is because *Rooker-Feldman's* jurisdictional bar extends to actions that are de facto appeals from state court judgments in that the federal claims "are inextricably intertwined with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules." *Id.* Undercutting the Montana Supreme Court's decision in *O'Connell* is the basis for Plaintiffs' request for declaratory relief in their Amended Complaint. (Doc. 7 at 4-6).

Plaintiffs have failed to establish that the claims alleged in their original Complaint are more than a de facto appeal from a state court judgment and thus, any decision by this Court with respect to those claims "would undercut the state ruling" that currently exists. *Id.* As a result, this Court lacks subject matter jurisdiction over Plaintiffs claims. *Id.* at 860. Because Plaintiffs' Amended Complaint states essentially the same claims and requests for relief, albeit in different language, it similarly fails to endow this Court with any jurisdiction over their claims.

## II. Conclusion

Based on the foregoing, IT IS ORDERED that Judge Ostby's Findings and Recommendation, (Doc. 5), are ADOPTED IN FULL. Plaintiffs' Complaint is DISMISSED for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that Plaintiffs' Amended Complaint is also dismissed for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that the Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that the Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

DATED this 3rd day of April, 2014.

Susan P. Watters
United States District Court